Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7488 | **DATE** | December 23, 2010 |
| **CASE TITLE** | *Wallis v. Fifth Third Bank* | | |

**DOCKET ENTRY TEXT:**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint is dismissed for failure to state a claim or lack of jurisdiction. If the plaintiff wishes to pursue his state law claims for intentional infliction of emotional distress, he must do so in state court. All pending motions are stricken as moot. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

■[ For further details see text below.]

## STATEMENT

Pro se plaintiff Scott Wallis seeks leave to proceed in forma pauperis. This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Because the plaintiff is proceeding pro se, the court has construed his filings liberally.

The plaintiff alleges that he is the senior pastor and trustee of All Nations Worship Center in Elgin, Illinois. It appears that Fifth Third Bank filed a state court foreclosure case against All Nations Worship Center and related entities. It is unclear whether the case is still pending, but the plaintiff alleges that the judge presiding over the proceedings in the state court foreclosure case entered rulings adverse to All Nations Worship Center and the other defendants.

In Count I of the federal complaint presently before the court, which is titled "Institutional Vandalism," the plaintiff contends that the state court judge entered certain rulings that were "outside the scope of her lawful authority and jurisdiction." Count III also challenges rulings made by the state court. The plaintiff also appears to be alleging that he was harmed by actions taken by attorneys in connection with the

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

state court case. In Count IV, the plaintiff appears to be asserting that Fifth Third Bank fraudulently concealed his right to rescind his contract (presumably, the mortgage on the All Nations Worship Center building) and hence may not pursue the mortgage foreclosure case in state court.

This court cannot act as an appellate court and review rulings made by a state court judge. Instead, a plaintiff dissatisfied with state court rulings must pursue state court remedies. To the extent that a plaintiff wishes to appeal to a federal court, the United States Supreme Court is the only federal court empowered to exercise appellate review over state court decisions. See 28 U.S.C. § 1257; *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir.1996). This principle led to what is commonly known as the *Rooker-Feldman* doctrine. Under this doctrine, federal district courts may not exercise jurisdiction in an appellate capacity over the state court judicial process. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

To determine whether the *Rooker-Feldman* doctrine bars a plaintiff's federal suit, this court must ask whether the injury alleged by the plaintiff resulted from the state court judgment itself or is distinct from that judgment. *See Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir.1996); *see also Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir.1999) (court must ask whether the plaintiffs seek to set aside a state court judgment or to present an independent claim). If the injury alleged in the federal complaint was caused by the state court judgment, then the federal court lacks subject matter jurisdiction. *See GASH Assoc. v. Village of Rosemont*, 995 F.2d 726, 728-29 (7th Cir.1993).

Here, the plaintiff alleges that he suffered injuries due to the state court's rulings. He wishes to secure a declaration that he is entitled to prevail in the state court case and is entitled to $100,000.000 in damages from the defendants. He is, therefore, not asking the court to remedy an injury that is separate from the state court judgment. Rather, he is asking this court to act in an appellate capacity to reverse the state court's orders. To the extent that the state court has issued a final judgment, the *Rooker-Feldman* doctrine bars a collateral attack on that judgment. *See, e.g., GASH Assocs. v. Village of Rosemont*, 995 F.2d at 729 (the *Rooker-Feldman* doctrine applied because "GASH did not suffer an injury out of court and then fail to get relief from state court; its injury came from the [state court] judgment confirming the sale [of property]"). This court thus cannot exercise subject matter jurisdiction over the claims relating to the state court foreclosure proceedings so Counts I and III are dismissed for lack of jurisdiction.

In Count II, the plaintiff alleges that he filed an adversary proceeding in a case pending in the United States Bankruptcy Court for the Northern District of Illinois. He challenges rulings made by the bankruptcy court. However, he filed an appeal, which is currently pending as case no. 10 CV 5497. The plaintiff is already pursuing an appeal from the bankruptcy court's orders so even if this case was a timely appeal from a bankruptcy court order (an issue which the court need not reach), the plaintiff cannot pursue a second bankruptcy appeal simultaneously before a different judge. Thus, Count III is dismissed.

Counts V-XIV contain allegations about an alleged conspiracy to illegally acquire, control, or steal assets of U.S. Baby and to violate trademark laws. Construing the plaintiff's allegations broadly and setting aside the fact that the allegations in the complaint, from Count V on, do not appear to arise from the same operative facts as Counts I-III, it appears that the plaintiff unsuccessfully challenged the alleged conspiracy in state court as well as the federal bankruptcy court. The plaintiff also references racketeering and other federal criminal laws and contends that the conspiracy violated his federal and state constitutional rights. While the

(continued)

| STATEMENT |
|---|

allegations are lengthy, they do not state a claim for which relief can be granted under federal law. First, the allegations do not state a colorable claim of a violation of a federal civil law. Second, only the United States government may file a case based on the alleged violation of federal criminal law, so the plaintiff lacks standing to pursue any such claim. Third, to the extent that the plaintiff is attempting to challenge rulings made by a state court, the court lacks jurisdiction as it cannot sit as an appellate court and review state court rulings. Thus, Counts V-XIV are dismissed.

This leaves Counts XV and XVI, which allege claims for intentional infliction of emotional distress. The court may only consider these claims if the parties are diverse (i.e., are from different states). The allegations of the complaint demonstrate that complete diversity does not exist. Thus, this court may not exercise jurisdiction over the intentional infliction of emotional distress claims. If the plaintiff wants to pursue these claims, he must do so in state court.

Accordingly, for the above reasons and pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint is dismissed for failure to state a claim or lack of jurisdiction.